UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL LAWRENCE WOOD,

      Petitioner,           Civil No. 2:20-CV-12576
                                      Honorable George Caram Steeh
                                        United States District Judge

  v.

MIKE BROWN,

      Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION (ECF No. 20) AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner filed a motion for reconsideration in the above matter. For the reasons that follow, the motion is DENIED.

Petitioner in a consolidated petition challenged his state court conviction for two counts of second-degree murder, the Federal Bureau of Prisons' ("BOP") failure to give him proper sentencing credit by refusing to *nunc pro tunc* designate the state prison as the place of confinement on his federal convictions out of the United States District Court for the Eastern District of Michigan, and the judge's failure to apply § 5G1.3 of the United States Sentencing Guidelines to grant a downward departure on

petitioner's federal sentence based on his sentence on his state court conviction for second-degree murder.

This Court dismissed the portion of the petition challenging the second-degree murder conviction without prejudice, because petitioner failed to show that he had exhausted his state court remedies with respect to those claims.  The Court ruled that any challenge by petitioner to his federal conviction needed to be brought as a 28 U.S.C. § 2255 before the federal judge that sentenced petitioner.  The Court further concluded that jurisdiction over the portion of the petition addressing the BOP's failure to retroactively designate state prison as the place of confinement for petitioner's federal conviction lay in the United States District Court for the Western District of Michigan and ordered the remainder of the petition transferred to that district.

Petitioner has now filed a motion for reconsideration.  Petitioner challenges this Court's ruling that petitioner had not exhausted his claims challenging his state court convictions.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v.*

*Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

    Petitioner in his motion for reconsideration argues that he did exhaust his claims because he filed a post-conviction motion for relief from judgment with the Genesee County Circuit Court, which the trial judge denied. Petitioner has attached the motion for relief from judgment and the trial judge's order denying the motion to his motion for reconsideration. (ECF No. 20, PageID. 1370-95).

    The problem with petitioner's argument is that there is no indication in the motion for reconsideration that petitioner appealed the denial of the motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court.

    In order to properly exhaust a claim on state post-conviction review, a habeas petitioner is required to present that claim in his or her post-conviction motion before the state trial court and in his or her post-conviction appeal to the state's appellate courts. *See Smith v. Gaetz,* 565

F.3d 346, 352 (7th Cir. 2009). Under Michigan law, petitioner had the ability to appeal the denial of the motion for relief from judgment to the Michigan appellate courts. See *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his or her state post-conviction motion, the petitioner has yet to exhaust his or her state court remedies. *See Cox v. Cardwell,* 464 F. 2d 639, 644-45 (6th Cir. 1972). Petitioner was required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust his claims. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). A criminal defendant in Michigan has six months from the denial of a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. M.C.R. 6.509 (A); M.C.R. 7.205(G)(3). The judge denied petitioner's motion for relief from judgment on April 1, 2016. Petitioner had until October 1, 2016 to file an application for leave to appeal to the Michigan Court of Appeals. Petitioner does not allege in his motion that he appealed the denial of his motion to the Michigan appellate courts. This

Court also searched Westlawnext and there is no indication that petitioner filed any post-conviction appeals in this or any other case. [1]

The Court denies the motion for reconsideration because petitioner failed to show that this Court erred in ruling that petitioner had failed to exhaust his claims with respect to his state court convictions.

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 F. App'x. 480, 486 (6th Cir. 2008). This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for reconsideration to be debatable.

**IT IS ORDERED** that the motion for reconsideration (ECF No. 20) is **DENIED.** The Court declines to issue a certificate of appealability.

Dated: August 5, 2021

>     s/George Caram Steeh
>     GEORGE CARAM STEEH
>     UNITED STATES DISTRICT JUDGE

---

[1] See www.1.next.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

- 6 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 5, 2021, by electronic and/or ordinary mail and also on Samuel Wood #709359, Kinross Correctional Facility, 4533 W. Industrial Park Drive, Kincheloe, MI 49788.

s/Brianna Sauve
Deputy Clerk